# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAVON WILLIAMS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ARAMARK CAMPUS LLC, et al. | : | NO. 18-5374 |

## **ORDER**

**AND NOW**, this 11th day of March, 2020, upon consideration of Defendants Aramark Campus LLC, Chris Ansardi, Levi Caster, Steve Mauz, and Ivette Torres's (collectively, the "Defendants") "Motion to Partially Dismiss Plaintiff's First Amended Complaint" (Docket No. 20), all documents filed in connection therewith, and the Oral Argument held on January 23, 2020, and for the reasons stated in the accompanying Memorandum, **IT IS HEREBY ORDERED** that the Motion is **GRANTED** in part and **DENIED** in part as follows:

1. The Motion is **GRANTED** with respect to all claims asserted against Defendants Ansardi, Caster, Mauz, and Torres in Counts I-IV, and these claims are **DISMISSED** with prejudice.

2. The Motion is **GRANTED** with respect to all claims asserted against Defendant Caster in Counts V-X of the Amended Complaint, and these claims are **DISMISSED** without prejudice.

3. The Motion is **GRANTED** with respect to the hostile work environment claims asserted against Defendant Aramark in Counts II, III, V, and VIII and against Defendants Ansardi, Mauz, and Torres in Counts V and VIII, and these claims are **DISMISSED** without prejudice.

4. The Motion is **GRANTED** with respect to the retaliation claims asserted against Defendant Aramark in Counts II, IV, VI, and IX and Defendants Ansardi, Mauz, and Torres in Counts VI and IX based on the Early Dismissal from Work, New Uniform Rule, and Nitpicking allegations, and these claims are **DISMISSED** without prejudice.

5. The Motion is **GRANTED** with respect to the aiding and abetting claims asserted against Defendants Ansardi, Mauz, and Torres in Counts VII and X predicated on Aramark's alleged creation of a hostile work environment which led to Plaintiff's constructive discharge, and these claims are **DISMISSED** without prejudice.

6. The Motion is **GRANTED** with respect to the aiding and abetting claims asserted against Defendants Ansardi, Mauz, and Torres in Counts VII and X predicated on Aramark's alleged retaliation related to the Early Dismissal from Work, New Uniform Rule, and Nitpicking allegations, and these claims are **DISMISSED** without prejudice.

7. The Motion is **DENIED** with respect to the discrimination claims asserted against Defendants Ansardi, Mauz, and Torres in Counts V, VI, VIII, and IX.

8. The Motion is **DENIED** with respect to the retaliation claims asserted against Defendants Ansardi, Mauz, and Torres in Counts V, VI, VIII, and IX to the extent these claims are based on allegations that Defendants denied Plaintiff's requests for breaks.

9. The Motion is **DENIED** with respect to the aiding and abetting claims asserted against Defendants Ansardi, Mauz, and Torres in Counts VII and X predicated on Aramark's alleged discrimination.

10. The Motion is **DENIED** with respect to the aiding and abetting claims asserted against Defendants Ansardi, Mauz, and Torres in Counts VII and X predicated on Aramark's

alleged retaliation related to allegations that Defendants denied Plaintiff's requests for breaks.

11. Plaintiff may file a second amended complaint that cures the deficiencies in the Plaintiff's First Amended Complaint no later than March 25, 2020.

12. If Plaintiff does not file a second amended complaint, Defendants shall answer the First Amended Complaint no later than April 8, 2020.

BY THE COURT:

/s/ John R. Padova
John R. Padova, J.